UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Thomas Cook; Megan Dresch; Laura Galaburda; Jack Glover; David Hall; Monica Hill; Jenny Lynn Kopfstein; Jennifer McGinn; Justin Peacock; James E. Pietrangelo II; Derek Sparks; Stacy Vasquez, <br><br> Plaintiffs, <br><br> v. <br><br> Donald H. Rumsfeld, Secretary of Defense; Michael Chertoff, Secretary of Homeland Security; United States of America, <br><br> Defendants. | Civil Action No. 04-12546 GAO |

## RESPONSE TO NOTICE OF RECENT DECISIONS

Jonathan A. Shapiro (BBO #567838)
Maura T. Healey (BBO #640856)
Matthew A. Stowe (BBO #650473)
Louis W. Tompros (BBO #657791)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000
(617) 526-5000 (Fax)

Sharra E. Greer
Kathi S. Westcott
Sharon E. Debbage Alexander
SERVICEMEMBERS LEGAL DEFENSE NETWORK
P.O. Box 65301
Washington, DC  20035
(202) 328-3244
(202) 797-1635 (Fax)

Stuart F. Delery
Alison J. Nathan
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2445 M Street NW
Washington, DC  20037
(202) 663-6000
(202) 663-6363 (Fax)

December 21, 2005                    *Counsel for Plaintiffs*

On December 9, 2005, defendants filed (with plaintiffs' assent) a Notice of Recent Decisions, quoting selectively from two recent decisions, State v. Limon, 122 P.3d 22 (Kan. 2005), and Loomis v. United States, No. 03-1653C, 2005 WL 2995372 (Fed. Cl. Nov. 7, 2005), that defendants contend are "consistent with and support" their pending Motion to Dismiss. (Notice at 5.) Pursuant to Local Rule 7.1(B)(2), plaintiffs hereby respond to draw the Court's attention to other relevant portions of those decisions. Counsel for defendants has assented to the filing of this response.

When read in their entirety, Limon and Loomis do not support dismissal of this action. Neither case noticed by defendants was decided under Rule 12(b)(6) – indeed, both were decided on significant evidentiary records and thus confirm the need for discovery and fact-finding to resolve the constitutional issues in this case.[1] Both cases presented factual situations very different from those here. And Limon in fact goes against defendants because the Supreme Court of Kansas invalidated a statute as unconstitutional under Lawrence v. Texas, 539 U.S. 558 (2003).

**1.    State v. Limon.**

In Limon, the Supreme Court of Kansas applied Lawrence to strike down a state "Romeo and Juliet" statute governing consensual sexual relationships among teenagers. The statute imposed harsher punishment for unlawful voluntary sexual conduct between members of the same sex than it did for the same conduct between members of the opposite sex. Limon was convicted for having sex when he was 18 years old with another boy, age 14 at the time. He was sentenced to 206 months' imprisonment and required to register as a persistent sexual offender; had his partner in the

---

[1]    As the Sixth Circuit recently reiterated, challenges to the factual merit of a claim are not appropriately resolved on a motion to dismiss, and thus "courts are reluctant to dismiss colorable claims which have not had the benefit of factual discovery." Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Village Sch. Dist., 428 F.3d 223, 232 (6th Cir. 2005) (affirming denial of motion to dismiss constitutional claim requiring balance of the government interest against the right of the individual where, as here, defendants' rebuttals to plaintiffs' allegations could not be credited "without the benefit of factual discovery" in support thereof).

consensual activity been female, his maximum sentence would have been only 15 months, and he would not have been required to register as a persistent sexual offender. Limon, 122 P.3d at 25. Limon argued that the distinction was unconstitutional.

Of relevance to this case, the Supreme Court of Kansas stated that "Lawrence controls our analysis" and held that Lawrence, "in conjunction with several equal protection decisions of the United States Supreme Court, requires us to hold that the State does not have a rational basis for the statutory classification created in the Romeo and Juliet statute." Id. at 24. In so holding, the court rejected the state's argument – also made by defendants here – that the statute had not created an unlawful classification because it "applies only to conduct and does not discriminate against any class of individual, in particular against homosexual persons." Compare id. at 28 with Defs.' Mem.[2] at 31 (making identical argument that Section 654 does "not discriminate against homosexuals based on their orientation, but on the likelihood or propensity to engage in homosexual acts"). The court repeated Justice Scalia's observation in Romer that "there can hardly be more palpable discrimination against a class than making the *conduct* that defines the class criminal." Id. at 28. Thus, although the challenged statute contained no "per se classification of homosexuals, bisexuals, and heterosexuals," the court held that it nonetheless made a "discriminatory classification requiring us to . . . test[] the constitutionality of the classification." Id. at 28-29; see also Opp. at 25.[3]

Rejecting the state's argument that the statute's direct application to "conduct" somehow exempted it from constitutional scrutiny, the court held that the Romeo and Juliet statute was unconstitutional even under a rational basis equal protection standard. Id. at 38. The court noted Justice O'Connor's concurring opinion in Lawrence, which described "'a more searching form of

---

[2] "Defs.' Mem." refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss, filed on February 7, 2005.
[3] "Opp." refers to the Opposition to Defendants' Motion to Dismiss, filed by Plaintiffs on March 28, 2005.

rational basis review' . . . when a law exhibits a 'desire to harm a politically unpopular group,'" and found the analysis of Romer v. Evans, 517 U.S. 620 (1996), to be "particularly salient." Id. at 29-30, 37.[4] The court heeded Romer's admonition that "'desire to harm a politically unpopular group cannot constitute a *legitimate* governmental interest,'" id. at 32 (quoting Romer, 517 U.S. at 634), and the holding that the statute's "sheer breadth is so discontinuous with the reasons offered for it that the amendment seems inexplicable by anything but animus toward the class it affects," id. (quoting Romer, 517 U.S. at 632.)  Applying Romer, the Court "search[ed] for the link between the classification and objective" of the Romeo and Juliet statute and held that, although there was *some* link between the statute and its asserted objectives (traditional sexual mores and development, historical notions of appropriate sexual development of children, guarding against coercive effect on minors, and public health), that link was unconstitutionally attenuated. Id. at 30, 34-37. The state had failed to cite "any *scientific research or other evidence* justifying" the supposed link, and the statute was overinclusive because it increased penalties for sexual relations that did not threaten the objectives underlying the statute. Id. at 35, 37 (emphasis added). Indeed, the court held that the government's say-so that the statute advanced the stated objectives was not a substitute for the "supporting facts" that courts must analyze to apply the requisite constitutional scrutiny. Id. at 37 ("statute's superficial earmarks" as one advancing the stated objectives are not enough).

Thus, Limon supports plaintiffs' arguments that (*i*) although Section 654 purports to be based on conduct, it makes an unlawful classification based on status, compare Opp. at 25 with Limon, 122 P.3d at 28, 37 ("status-based distinction in the … statute"); (*ii*) however denominated,

---

[4] Limon is not alone in recognizing that, under Lawrence, laws making classifications based on sexual orientation (or the conduct defining sexual orientation) are subject to some form of heightened scrutiny, regardless of how that scrutiny is denominated. See, e.g., State v. Clinkbeard, No. 23189-5-III, 2005 WL 3164814, at *6 (Wash. Ct. App. Nov. 29, 2005) (Lawrence made "clear" that "private sexual behavior between consenting adults . . . is of great importance . . . [and] may have established private sexual behavior as an important right," warranting "the application of intermediate scrutiny.").

3

the level of scrutiny required by Lawrence compels a searching analysis of the link between Section 654 and its asserted justifications, compare Opp. at 19-23 with Limon, 122 P.3d at 29-30, 37; (*iii*) the government's mere assertion that Section 654 advances the stated objectives does not require dismissal of plaintiffs' claims (which are based on factual allegations that must be taken as true under Rule 12(b)(6)), compare Opp. at 15-19 with Limon, 122 P.3d at 37; and (*iv*) plaintiffs have stated a claim that Section 654 is unconstitutional because the link between the statute and its asserted justifications is unconstitutionally attenuated, compare Opp. at 24-26 with Limon, 122 P.3d at 34-37.  The motion to dismiss should be denied because, in light of plaintiffs' allegations, discovery is necessary for the Court to be able to perform the required constitutional analysis by looking at the "supporting facts" and "evidence" that demonstrate the asserted link between the statute and its justifications, compare Opp. at 12 with Limon, 122 P.3d at 35, 37.

**2.      Loomis v. United States.**

Loomis is a decision of the U.S. Court of Federal Claims arising from an officer's administrative discharge from the military.  The officer challenged two decisions of the Army Board for the Correction of Military Records (ABCMR), one concerning the calculation of his active-service tenure to be five days short of the twenty-year threshold for full retirement, and one concerning the bases for his discharge (conduct unbecoming of an officer and homosexual conduct).[5]  The officer challenged his discharge on nine separate administrative, procedural, evidentiary, and constitutional grounds, including that Section 654 is unconstitutional in light of Lawrence.  Loomis, 2005 WL 2995372, at *1.  The government argued that the court did "not need

---

[5]      Specifically, a military administrative factfinding body determined that the officer had engaged in sexual contact with a Private First Class ("PFC"). See Loomis, 2005 WL 2995372, at *2-3.  Under the specific circumstances of the case, the PFC was found to have consented to the sexual contact "out of fear" that arose in part by the officer's senior rank. Id. at *3, 14, 17 ("he felt intimidated . . . by [the officer's] rank").

4

to reach the constitutional arguments" because the officer's case could be decided on other grounds. Id. at *11.

The Court of Federal Claims granted Loomis's motion for judgment on the administrative record on the fairly technical ground that the Army had failed to follow its own regulations providing that discharge proceedings should have been suspended while the Army considered Loomis's request for "retirement in lieu of elimination."  See id. at *7 ("Had the elimination proceedings been suspended as required by regulation, plaintiff would have been discharged at least five service days beyond July 14, 1997, the actual date of his discharge. . . . He, therefore, would have been eligible for a regular retirement with over 20 years of active service credit."). The court then remanded the case to the Secretary of the Army for adjustment of the grade and pay to which Loomis was entitled.  Id. at *22.

Although this portion of the decision should have been sufficient to resolve the case, the court went on to consider the merits of Loomis's constitutional claims, including his challenge to Section 654. In their Notice, defendants quote extensively from the Loomis court's discussion of Lawrence but fail to acknowledge the limitations the court put on its own analysis. *First*, Loomis did not assess the sufficiency of a pleading but rather ruled on the merits with the benefit of a factual record developed throughout several administrative proceedings. *Second*, the actual rule of decision in Loomis was supplied not by Lawrence but by a Federal Circuit precedent, Woodward v. United States, 871 F.2d 1068 (Fed. Cir. 1989), that "relied on Bowers v. Hardwick, 478 U.S. 186 (1986)."  See Loomis, 2005 WL 2995372, at *16 ("As binding precedent that sodomy is not a fundamental right that has not been expressly overruled, we are bound by it."); cf. Opp. at 5-7 (discussing lack of vitality of Bowers-era case law). No such precedent exists in the First Circuit. *Third*, the court emphasized that "here we have no basis for questioning Congress' stated view that DADT promotes unit cohesion, reduces sexual tension, and protects personal privacy." Loomis,

5

2005 WL 2995372, at *21. The opinion makes no mention of an effort by Loomis to introduce evidence on these points. Here, by contrast, the detailed allegations in the Complaint (which of course must be assumed to be true for purposes of this motion) more than "question" – indeed they refute – the very propositions the <u>Loomis</u> court took for granted. <u>Compare</u> <u>id.</u> <u>with</u> Opp. at 15-19 (citing Complaint). *Fourth,* the court in <u>Loomis</u> held that, assuming that <u>Lawrence</u> applied to private consensual sodomy between adults, the sexual conduct at issue in <u>Loomis</u> was nonetheless "outside of the liberty interest protected by <u>Lawrence</u>" because of the special circumstance of the officer's superior rank to the PFC. <u>Id.</u> at *17 ("We hold that the nature of the relationship between the plaintiff and the PFC, while not directly within a chain of command, is such that consent might not easily be refused and thus it is outside of the liberty interested protected by <u>Lawrence</u>.") (applying second prong of test set forth in <u>United States v. Marcum</u>, 60 M.J. 198 (C.A.A.F. 2004)).

Plaintiffs submit, therefore, that dicta in <u>Loomis</u> concerning <u>Lawrence</u> is not relevant to this case because <u>Lawrence</u> did not supply the rule of decision in that case, and the factual record developed in the administrative proceedings there revealed certain conduct not at issue here that the court concluded was outside the liberty interested protected by <u>Lawrence</u>. Moreover, <u>Loomis</u> did not address the only issue that is before the Court on defendants' motion: whether the detailed allegations of the Complaint (which clearly satisfy Rule 8(a)), taken in the light most favorable to plaintiffs, state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). Plaintiffs submit that <u>Loomis</u> supports their arguments that (*i*) the liberty interest protected in <u>Lawrence</u> applies equally to the military, <u>compare</u> Opp. at 19-20 <u>with</u> <u>Loomis</u>, 2005 WL 2995372, at *17, and (*ii*) in light of plaintiffs' allegations, discovery is necessary for the Court to be able to perform the required constitutional analysis, <u>compare</u> Opp. at 12 <u>with</u> <u>Loomis</u>, 2005 WL 2995372, at *17 (analyzing the developed factual record concerning the relationship between the officer and the PFC when applying <u>Marcum</u>).

           Respectfully submitted,

           PLAINTIFFS

           Thomas Cook; Megan Dresch; Laura Galaburda; Jack Glover; David Hall; Monica Hill; Jenny Lynn Kopfstein; Jennifer McGinn; Justin Peacock; James E. Pietrangelo II; Derek Sparks; Stacy Vasquez,

By:  /s/ Matthew A. Stowe_____
     Jonathan A. Shapiro (BBO #567838)
     Maura T. Healey (BBO #640856)
     Matthew A. Stowe (BBO #650473)
     Louis W. Tompros (BBO #657791)
     WILMER CUTLER PICKERING
         HALE AND DORR LLP
     60 State Street
     Boston, MA 02109
     (617) 526-6000
     (617) 526-5000 (Fax)

| | |
|---|---|
| Sharra E. Greer | Stuart F. Delery |
| Kathi S. Westcott | Alison J. Nathan |
| Sharon E. Debbage Alexander | WILMER CUTLER PICKERING |
| SERVICEMEMBERS LEGAL DEFENSE NETWORK |    HALE AND DORR LLP |
| P.O. Box 65301 | 2445 M Street NW |
| Washington, DC 20035 | Washington, DC 20037 |
| (202) 328-3244 | (202) 663-6000 |
| (202) 797-1635 (Fax) | (202) 663-6363 (Fax) |

Dated: December 21, 2005

## CERTIFICATE OF SERVICE

I, Matthew A.Stowe, hereby certify that I caused a copy of the within document to be served by electronic notification upon:

> Mark T. Quinlivan
> Assistant United States Attorney
> United States Attorney's Office
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA  02210

/s/ Matthew A. Stowe___
Matthew A. Stowe

Dated:  December 21, 2005