UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Thomas Cook; Megan Dresch; Laura Galaburda; Jack Glover; David Hall; Monica Hill; Jenny Lynn Kopfstein; Jennifer McGinn; Justin Peacock; James E. Pietrangelo II; Derek Sparks; Stacy Vasquez,<br><br>               Plaintiffs,<br><br>               v.<br><br>Donald H. Rumsfeld, Secretary of Defense; Michael Chertoff, Secretary of Homeland Security; United States of America,<br><br>               Defendants. | Civil Action No. 04-12546 GAO |

**MEMORANDUM OF NON-MOVING PLAINTIFFS TO ADDRESS DEFENDANTS' OPPOSITION TO JAMES E. PIETRANGELO II'S MOTION FOR RECONSIDERATION**

                                                     Jonathan A. Shapiro (BBO #567838)
                                                     Maura T. Healey (BBO #640856)
                                                       Matthew A. Stowe (BBO #650473)
                                                     Louis W. Tompros (BBO #657791)
                                                     WILMER CUTLER PICKERING
                                                          HALE AND DORR LLP
                                                     60 State Street
                                                     Boston, MA  02109
                                                     (617) 526-6000
                                                     (617) 526-5000 (Fax)

| | |
|---|---|
| Sharra E. Greer<br>Kathi S. Westcott<br>Sharon E. Debbage Alexander<br>SERVICEMEMBERS LEGAL DEFENSE NETWORK<br>P.O. Box 65301<br>Washington, DC  20035<br>(202) 328-3244<br>(202) 797-1635 (Fax) | Stuart F. Delery<br>Benjamin C. Mizer<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006<br>(202) 663-6000<br>(202) 663-6363 (Fax) |

May 30, 2006

Plaintiffs who have not joined James E. Pietrangelo II's Motion for Reconsideration ("Non-Moving Plaintiffs")[1] respectfully submit this memorandum to address certain issues raised in Defendants' Opposition ("Opposition" or "Opp'n") to Mr. Pietrangelo's Motion for Reconsideration of the Court's April 24, 2006, Memorandum and Order.

1. Defendants state that Mr. Pietrangelo's Motion is properly considered a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), and not for relief from judgment under Federal Rule of Civil Procedure 60(b). (Opp'n 1-2.) The procedural posture of Mr. Pietrangelo's Motion may affect the appellate rights of Non-Moving Plaintiffs, *see* Fed. R. App. P. 4(a)(4)(A), who also believe that the Court should clarify that it considers the Motion under Rule 59(e).

2. Defendants argue that Mr. Pietrangelo's Motion should be denied because, *inter alia*, his arguments were not presented previously to the Court. Because Defendants characterize the positions Non-Moving Plaintiffs have taken in this litigation, Non-Moving Plaintiffs wish to note that each argument was, in fact, presented to this Court.

*First*, Defendants argue that Mr. Pietrangelo's discrimination argument was waived because Plaintiffs did not cite *Brown v. Board of Education*, 347 U.S. 483 (1954), or *Plessy v. Ferguson*, 163 U.S. 537 (1896), in opposition to Defendants' motion to dismiss, nor did they analogize the discrimination against them to that of "African-Americans in the Armed Forces prior to integration." (Opp'n 3.) But Mr. Pietrangelo's citation of *Brown* to illustrate his discrimination argument is simply a different articulation of the equal protection claim that Plaintiffs asserted in their Complaint (Claim 3) and also briefed and argued in opposition to Defendants' Motion to Dismiss. (Compl. ¶¶ 176-185 ("Denial of Equal Protection Based on Sexual Orientation"); Opp'n

---

[1] The Non-Moving Plaintiffs are Thomas Cook, Megan Dresch, Laura Galaburda, Jack Glover, David Hall, Monica Hill, Jenny Lynn Kopfstein, Jennifer McGinn, Justin Peacock, Derek Sparks, and Stacy Vasquez.

Defs.' Mot. Dismiss 24-26 ("Because section 654 discriminates against gay persons . . . the statute violates the equal protection component of the Fifth Amendment's Due Process Clause . . . .").) That equal protection claim plainly encompasses narrower variations of the discrimination argument. *See United States v. Antonakopoulous*, 399 F.3d 68, 76 (1st Cir. 2005) (narrow *Booker* claim preserved where broader constitutional challenge to sentencing had been raised earlier).

*Second*, contrary to Defendants' suggestion, Plaintiffs previously argued "that the operation or application of § 654 constitutes arbitrary government action." (Opp'n 5.) Claim 1 of Plaintiffs' Complaint plainly alleges that "[t]he so-called 'Don't Ask, Don't Tell' statute, 10 U.S.C. § 654, and regulations issued under it, are enforced arbitrarily and capriciously, in violation of the Fifth Amendment's Due Process Clause." (Compl. ¶ 158.) That Clause contains an equal protection component. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Plaintiffs also briefed their claim of arbitrary and selective enforcement in opposition to Defendants' Motion to Dismiss. (Opp'n Defs.' Mot. Dismiss 12 ("Defendants ignore the Complaint's detailed allegations concerning the service records and experiences of each of Plaintiffs as well as the as-applied and facial operation of section 654"); Surreply 6 (stating that "the plaintiff-specific allegations are sufficient to state as-applied claims" and citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000), which recognizes "successful equal protection claims brought by a 'class of one'" where plaintiffs challenge government conduct as "'irrational and wholly arbitrary'" (citations omitted)); Tr. 52-53 (reiterating as-applied challenge in response to Court's question).)[2]

*Third*, Defendants suggest that Plaintiffs did not previously advance an overbreadth argument in the context of their First Amendment challenge to section 654. (Opp'n 5.)

---

[2] That constitutional claim of arbitrary and selective enforcement is different from an administrative claim that the policy was applied arbitrarily. *Compare, e.g., Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (constitutional claim), *with NLRB v. Beverly Enter.-Mass., Inc.*, 174 F.3d 13, 24 (1st Cir. 1999) (administrative claim).

Overbreadth claims, however, are a species of narrow-tailoring arguments, *see Secretary of State of Md. v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 964-66 & n.13 (1984), and there is no question that Plaintiffs have argued that the so-called "Don't Ask, Don't Tell" statute, far from being "narrowly tailored," burdens more speech than is necessary to achieve the policy's stated goals. (Compl. ¶¶ 36, 170; Opp'n Defs.' Mot. Dismiss 26-29.) Defendants never addressed the tailoring issue; rather, they sought dismissal on the ground that section 654 does not regulate speech at all. (Defs.' Mot. Dismiss 32-35.) Having asserted the claim in the Complaint, Plaintiffs did not "waive" the tailoring element of their First Amendment claim by not responding to arguments that Defendants did not make.

        Respectfully submitted,

        Thomas Cook; Megan Dresch; Laura Galaburda; Jack Glover; David Hall; Monica Hill; Jenny Lynn Kopfstein; Jennifer McGinn; Justin Peacock; Derek Sparks; Stacy Vasquez

By: \_/s/  Matthew A. Stowe_____
    Jonathan A. Shapiro (BBO #567838)
    Maura T. Healey (BBO #640856)
    Matthew A. Stowe (BBO #650473)
    Louis W. Tompros (BBO #657791)
    WILMER CUTLER PICKERING
        HALE AND DORR LLP
    60 State Street
    Boston, MA  02109
    (617) 526-6000
    (617) 526-5000 (Fax)

| | |
|---|---|
| Sharra E. Greer | Stuart F. Delery |
| Kathi S. Westcott | Benjamin C. Mizer |
| Sharon E. Debbage Alexander | WILMER CUTLER PICKERING |
| SERVICEMEMBERS LEGAL DEFENSE NETWORK |    HALE AND DORR LLP |
| P.O. Box 65301 | 2445 M Street NW |
| Washington, DC  20035 | Washington, DC  20037 |
| (202) 328-3244 | (202) 663-6000 |
| (202) 797-1635 (Fax) | (202) 663-6363 (Fax) |

Dated: May 30, 2006

## CERTIFICATE OF SERVICE

I, Matthew A. Stowe, hereby certify that I caused a copy of the within document to be served by electronic notification upon:

>Mark T. Quinlivan
>Assistant United States Attorney
>United States Attorney's Office
>John Joseph Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA  02210

A paper copy has been sent to:

>James E. Pietrangelo, II, Esq.
>P.O. Box 9231
>South Burlington, VT  05407

>/s/ Matthew A. Stowe___
>Matthew A. Stowe

Dated:  May 30, 2006