FILED
IN CLERKS OFFICE

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

2006 JUN 27 P 1: 37

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |  |
|---|---|---|
| THOMAS COOK, *et al.* | ) | |
| | ) | |
| | ) | **JUDGE GEORGE A. O'TOOLE, JR.** |
| *Plaintiffs,* | ) | |
| | ) | **CASE NO. 04CV12546 GAO** |
| v. | ) | |
| | ) | |
| **DONALD H. RUMSFELD, *et al.*** | ) | |
| **Secretary of Defense** | ) | |
| | ) | |
| | ) | ◆ |
| *Defendants.* | ) | |

### PLAINTIFF PIETRANGELO'S AFFIDAVIT IN SUPPORT
### OF MOTION FOR RECONSIDERATION

I, JAMES E. PIETRANGELO, II, being duly sworn, state as follows:

1.     I am a Plaintiff in the above-captioned case.

2.     Previously, I filed a Motion for Reconsideration in the above-captioned case.

3.     My intent, at the time of that filing, was to move for reconsideration, by that filing, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

4.     Thus, at the time, my intent was to, and I did, file my Motion within ten days of judgment.

5.     In fact, after overnight-mailing my Motion to the District Court Clerk's office, I called the Honorable George A. O'Toole, Jr.'s Clerk, and asked her to verify receipt and filing of the Motion, specifically indicating that I was up against Rule 59(e)'s ten-day time-limit.

1

6.    I did not specifically cite Rule 59(e) in my Motion because, in my mind, I intended it to be a Rule 59(e) motion, and I did not think my Motion could be interpreted as anything but a Rule 59(e) motion—my having used specific "reconsideration" language.

7.    In fact, a timely motion for reconsideration has always been, in my (albeit limited) federal experience, a Rule 59(e) submission, because it asks a court to change its judgment based on its own internal error while the error can easily be corrected, and not for extrinsic reasons long after the fact (which is governed by Rule 60).

8.    I specifically did not file an appeal of the Court's judgment because I believed my Motion for Reconsideration was a Rule 59(e) submission tolling the running of the time for appeal. I could not afford to simultaneously file both a Rule 59(e) motion and an appeal, since, if I won the Motion, I would lose my filing fee on the appeal.

9.    The above statements are true and accurate to the best of my knowledge, information, and belief.

10.    On June 26, 2006, I served this *Affidavit* on all parties by mailing a copy of same via first-class, postage prepaid, U.S. Mail to **Mark T. Quinlivan, Esq., U.S. Attorney's Office,** Suite 9200, 1 Courthouse Way, Boston, MA 02210, *Counsel for Defendants*; and **Stuart F. Delery, Esq.,** Wilmer Cutler Pickering Hale and Dorr LLP, 2445 M Street, NW, Washington, D.C. 20037, *Lead Counsel for Plaintiffs*.

James E. Pietrangelo, II
JAMES E. PIETRANGELO, II

Sworn to and subscribed before me on this June 26, 2006.

NOTARY PUBLIC

JAMES A. STOWE
Notary Public, State of Vermont
My Commission Expires Feb. 10, 2007

2