UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12546-GAO

THOMAS COOK, MEGAN DRESCH, LAURA GALABURDA, JACK GLOVER, DAVID HALL, MONICA HILL, JENNY LYNN KOPFSTEIN, JENNIFER McGINN, JUSTIN PEACOCK, JAMES E. PIETRANGELO II, DEREK SPARKS, and STACY VASQUEZ,
Plaintiffs,

v.

DONALD H. RUMSFELD, Secretary of Defense, MICHAEL CHERTOFF, Secretary of Homeland Security, and the UNITED STATES OF AMERICA,
Defendants.

ORDER
August 10, 2010

O'TOOLE, D.J.

In light of the Supreme Court's recent decision in Christian Legal Society Chapter of the University of California, Hastings College of Law v. Martinez, 130 S. Ct. 2971, -- U.S. --, (2010), James Pietrangelo, acting *pro se*, has moved to vacate this Court's April 24, 2006 judgment under Federal Rule of Civil Procedure 60(b)(6).

"[A] change in applicable law does not provide sufficient basis for relief" under Rule 60(b)(5) unless a "direct connection," such as "being part of the same proceeding," exists between the prior decision and the purportedly reversing decision. Comfort v. Lynn Sch. Comm., 560 F.3d 22, 27 (1st Cir. 2009) (internal quotation omitted). Rule 60(b)(6), the subsection under which Pietrangelo moves, cannot be used to circumvent this requirement. See Ahmed v. Rosenblatt, 118 F.3d 886, 891 n.9 (1st Cir. 1997). Even if Christian Legal Society effected some change in the law that this Court had previously applied in its decision, a question not now

resolved, no direct connection exists between the cases in the relevant sense, making the relief requested unavailable.

The plaintiff's Rule 60 Motion for Relief from Judgment (dkt. no. 56) is DENIED.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge